[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendants Alan and Judith Comen move to strike each of the three counts of plaintiff Kevin Reed's complaint. For the reasons stated below, the motion is granted as to the first and second counts and is denied as to the third count.
Plaintiff Kevin Reed alleges defendants Alan and Judith Comen purchased a dog, "Max," from defendant Cheryl C. Lewis, who was a dog breeder doing business as Fanfare Old English Sheepdogs. The Comens in turn sold Max to plaintiff Kevin Reed. Max bit the plaintiff, thereby causing the plaintiff to suffer serious injuries and losses.
In the first count of the complaint, plaintiff Reed alleges the defendants misrepresented Max as being a very good house pet and that they withheld information as to Max's aggressive character. Reed further alleges that he relied upon these misrepresentations and omissions. In the second count, Reed alleges that the sales were void due to the misrepresentations and omissions and that the defendants were therefore the owners or keepers of the dog and liable under the dog bite statute, General CT Page 11101-S Statutes § 22-357. In the third count, Reed alleges the defendants breached a duty of care by failing to warn the plaintiff of Max's aggressiveness.
Defendants Alan and Judith Comen claim the first count must be stricken because the plaintiff has failed to adequately allege a cause of action based on fraudulent or intentional misrepresentation. They contend a necessary element of such a cause of action, fraudulent intent, has not been alleged. The plaintiff argues that he has sufficiently alleged a cause of action based on a negligent misrepresentation.
The defendant relies on the case of D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 217-18,520 A.2d 217 (1987), wherein the Connecticut Supreme Court stated it "has long recognized liability for negligent misrepresentation." The court noted the governing principles are set forth in § 552 of the Restatement Second of Torts (1979). Section 552 relates to commercial transactions and is concerned only with liability for pecuniary loss resulting from misrepresentations or nondisclosures. See Scope Note, Restatement Second of Torts, Chpt. 22, p. 54-55. Since the plaintiff seeks compensation for physical harm, the cause of action defined in § 552 does not afford the plaintiff a basis for recovery.
Section 310 of Restatement Second of Torts (1965) sets forth the governing principles for the factual situation the defendant has alleged in the first count. This section is as follows:
 "An actor who makes a misrepresentation is subject to liability to another for physical harm which results from an act done by the other or a third person in reliance upon the truth of the representation, if the actor
 (a) intends his statement to induce or should realize that it is likely to induce action by the other, or a third person, which involves an unreasonable risk of physical harm to the other, and
(b) knows
(i) that the statement is false, or CT Page 11101-T
 (ii) that he has not the knowledge which he professes"
While the plaintiff seeks recovery under the principle set forth in the first paragraph of § 310, he has not alleged facts which would fulfill the requirements set forth in subparagraphs a and b of § 310. Therefore, the first count must be stricken.
Defendants Alan and Judith Comen claim the second count must be stricken because the plaintiff has failed to allege facts which show the Comens are the "owners" or "keepers" of the dog as those terms are used in General Statutes § 22-357. At the time the plaintiff was injured, he and his wife were the owners and keepers of the dog. In an attempt to impose liability under § 22-357, the plaintiff alleges that the sales from the dog breeder to the Comens and from the Comens to the plaintiff were void due to the misrepresentations and omissions concerning Max's aggressive nature. This conclusionary allegation is insufficient for a claim based on § 22-357 since the statute does not impose liability on the seller of a dog. Accordingly, the second count must be stricken.
Defendants Alan and Judith Comen claim the third count is legally insufficient because the plaintiff has not alleged they owed a duty to the plaintiff to train the dog. The plaintiff does not base the third count on the Comens' failure to train the dog. Rather, he alleges they negligently gave false information to him and that he was physically harmed by his action taken in reasonable reliance on such information. The governing principles for such a cause of action are set forth in § 311 of the Restatement Second of Torts (1965). The plaintiff has alleged that the Comens' negligently failed to warn him of Max's aggressiveness when they knew or should have known the plaintiff intended to keep Max as a house pet. These allegations are sufficient. The motion to strike the third count must be denied.
The motion to strike the first and second counts of the complaint is granted. The motion to strike the third count of the complaint is denied.
THIM, JUDGE